IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIUDMILA M. MURAVEVA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WILDWOOD, et al.,<br><br>Defendants. | HONORABLE ROBERT B. KUGLER<br><br>Civil Action No.<br>17-916 (RBK-JS)<br><br>**MEMORANDUM OPINION** |

**KUGLER**, District Judge:

This matter comes before the Court on the motion of Plaintiff Liudmila Muraveva ("Plaintiff") for reconsideration [Docket Item 40] of certain portions of the December 18, 2018 Opinion and Order. [Docket Items 38 & 39.] Defendants City of Wildwood, Ronald Harwood, and Steven Booy oppose the present motion. [Docket Item 43.] For the reasons discussed below, the Court will deny Plaintiff's motion in its entirety. The Court finds as follows:

1. **Factual Background and Procedural History.** In this matter, Plaintiff initially alleged various claims against Defendants mostly based on actions purportedly taken by them involving a property Plaintiff owns in Wildwood, New Jersey. [See generally Docket Item 1.] After convening oral argument on December 4, 2018 [Docket Item 37], the late Honorable Jerome B. Simandle, U.S.D.J., granted summary judgment in favor of Defendants and dismissed the entire Complaint. Muraveva v. City of Wildwood, 2018 WL 6617266 (D.N.J. Dec. 18, 2018).[1] Thereafter, Plaintiff filed the pending motion, seeking reconsideration of Sections C, F, G, and H

---

[1] The Court incorporates by reference the factual background and procedural history of this case as described in the December 18, 2018 Opinion, and recounts only those facts necessary for resolution of the pending motion for reconsideration.

of that Opinion [Docket Item 40], and Defendants filed opposition. [Docket Item 43.] The motion is now fully briefed and ripe for disposition. The Court decides the motion without oral argument pursuant to Fed. R. Civ. P. 78.

2. **Standard of Review.** The Local Civil Rules of the U.S. District Court for the District of New Jersey allow a party to seek reconsideration or re-argument of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i). To prevail on such a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848-49 (3d Cir. 2014) (citing Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review for reconsideration is high and to be granted sparingly. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).

3. **Discussion**. In the pending motion, Plaintiff seeks reconsideration of Sections C, F, G, and H of the December 18, 2018 Opinion. The Court addresses Plaintiff's arguments with respect to each Section in turn.

4. Section C. Plaintiff first asks the Court to reconsider the dismissal of Count Nine, addressed in Section C of the December 18, 2018 Opinion. (Pl.'s Br. at 3-4.) In Count Nine, Plaintiff brought a New Jersey Law Against Discrimination ("NJLAD") claim against Defendant City of Wildwood as applied to Paragraphs 61-65 of the Complaint, wherein Plaintiff alleged: on June 10, 2016, Plaintiff appeared in Wildwood City Municipal Court to answer charges for a traffic violation; that she requested of the Municipal Court Judge a translator from English to Russian; that Plaintiff was not provided a translator from English to Russian; that other similarly situated

persons are granted a request for a translator in the Wildwood City Municipal Court; and that Plaintiff was treated differently from other similarly situated persons based on national origin based animus. (Compl. at ¶¶ 61-65, 82.)

5. During the December 4, 2018 oral argument, the following exchange took place between Judge Simandle and Mr. Peter M. Kober, Esq., counsel for Plaintiff:

> **The Court**: If my Opinion says nothing about the denial of a Russian interpreter, is that acceptable to both sides? I just don't see how it even relates here. . . . If it's a traffic case, it has nothing to do with her summons from her rental property. The only nexus is that it happened in Wildwood. So do I need to get into it[,] Mr. Kober?
>
> **Mr. Kober:** Not as far as I'm concerned, your Honor.
>
> **The Court:** Okay, well I want to thank both sides for helping me clarify the issues.

(Dec. 4, 2018 Oral Arg. Tr. [Docket Item 41] at 51:6-16.) Then, in the December 18, 2018 Opinion, Judge Simandle accurately summarized Plaintiff's NJLAD claim involving the Russian interpreter, stated that "[a]t oral argument, Plaintiff's counsel voluntarily withdrew these claims," and dismissed Count Nine against Wildwood. Muraveva, 2018 WL 6617266 at *9.

6. Having carefully reviewed the summary judgment opinion and complete oral argument transcript, including the above-referenced colloquy, the undersigned finds that Mr. Kober's statement manifests a clear intent to withdraw Count Nine, as reflected in the December 18, 2018 Opinion. This is especially so in light of the fact that the core dispute in this case appears to have centered around regulatory procedures followed by Defendants in investigating whether Plaintiff was maintaining a rooming house, rather than an apartment house, contrary to municipal ordinances, while Count Nine involved the alleged denial of a Russian interpreter at a completely unrelated traffic-court proceeding. On this record, the December 18, 2018 Opinion did not

overlook any intervening change in the law or new evidence that was not previously available, nor is there a need to correct a clear error of law or fact or to prevent manifest injustice. Accordingly, the Court will not reconsider Section C of the December 18, 2018 Opinion.

7. <u>Sections F and G.</u> Plaintiff next asks the Court to reconsider Judge Simandle's dismissal of Count Twenty, addressed in Sections F and G of the December 18, 2018 Opinion. (Pl.'s Br. at 5-10.) In Count Twenty of the Complaint, Plaintiff alleged malicious prosecution against Defendants Harwood and Booy under New Jersey common law. (Compl. at ¶¶ 88-91.) As relevant here, Judge Simandle cited a New Jersey Appellate Division case, <u>Westhoff v. Kerr S.S. Co., Inc.</u>, 530 A.2d 352 (N.J. Super. Ct. App. Div. 1987), for the uncontroversial position that "[m]ore than the absence of probable cause is required to establish actual malice." <u>Muraveva</u>, 2018 WL 6617266, at *10.[2] Plaintiff now argues that Judge Simandle erred by relying on <u>Westhoff</u> "in too sweeping a fashion." (Pl.'s Br. at 5.) In doing so, Plaintiff profoundly misunderstands the standard for reconsideration in this District.[3]

8. Under Local Civil Rule 7.1(i), whether to grant a motion for reconsideration is a matter within the Court's discretion, <u>see</u> <u>DeLong v. Raymond Int'l Inc.</u>, 622 F.2d 1135, 1140 (3d Cir. 1980); <u>see also</u> <u>Williams v. Sullivan</u>, 818 F. Supp. 92, 93 (D.N.J. 1993), but "[t]he Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." <u>Andreyko v. Sunrise Sr. Living, Inc.</u>, 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (internal citations and quotation marks omitted). "The word

---

[2] <u>See also</u> <u>Brunson v. Affinity Fed. Credit Union</u>, 972 A.2d 1112, 1120 (N.J. 2009) ("[A] plaintiff cannot simply point to the absence of probable cause as sufficient proof of the required element of malice."); <u>Digiacomo v. Wal-Mart Stores Inc.</u>, 2011 WL 2637189, at *2-3 (N.J. Super. Ct. App. Div. July 7, 2011) (same).

[3] The Court notes that Plaintiff's brief fails to include a Standard of Review section, nor cite a single Federal Rule of Civil Procedure or Local Civil Rule as the basis for the pending motion.

'overlooked' is the operative term in the Rule." Id. Plaintiff may very well disagree with Judge Simandle's interpretation and/or application of the Westhoff case, or any number of other things in the December 18, 2018 Opinion. But mere disagreement with the Court's decision is not a basis for reconsideration. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). The December 18, 2018 Opinion did not overlook any factual or legal issues that were presented in Plaintiff's motion papers or at oral argument with respect to any legal requirements necessary to prove "actual malice" in New Jersey. Accordingly, the Court will not reconsider Sections F or G of the December 18, 2018 Opinion.

9. Section H. Finally, Plaintiff argues, "[i]f Sections F – G are reconsidered, Plaintiff's right to punitive damages against Defendant Booy must be preserved at this point in the litigation." (Pl.'s Br. at 10.) Because the Court will not reconsider Sections F or G, as discussed above, the Court will likewise not reconsider whether Plaintiff may be entitled to punitive damages, addressed in Section H of the December 18, 2018 Opinion.

10. **Conclusion.** For the foregoing reasons, Plaintiff's motion for reconsideration will be denied. The accompanying Order will be entered.

Dated:     8/14/2019                                /s Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge